IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>FGMA, INC., doing business as EL CAMPESINO MEXICAN RESTAURANT, a corporation; FELIX GUTIERREZ, Individually and as an Owner of the aforementioned Corporation; and MAURILLO ALVA, Individually and as an Owner of the aforementioned Corporation<br>Defendants | Civil Action No. _____ |

## COMPLAINT

1. Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this civil action to enjoin Defendant FGMA, INC., doing business as EL CAMPESINO MEXICAN RESTAURANT ("El Campesino"), Defendant FELIX GUTIERREZ ("Gutierrez"), individually and as owner of El Campesino, and Defendant MAURILLO ALVA ("Alva"), individually and as owner of El Campesino, and collectively hereinafter referred to as "Defendants," from violating Sections 6, 7 , 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Fair Labor Standards Act of 1938 ("the Act" or "FLSA"), as amended (29 U.S.C. § 201, *et seq.*), and for an order directing Defendants to pay to its current and former employees the total amount of back wage compensation found by the Court to be due, in addition to liquidated damages in an amount equal to the back wages found due to the employees.

2. The Court has jurisdiction over this action under Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and under 28 U.S.C. §§ 1331 and 1345.

3. Defendant El Campesino is a Pennsylvania corporation with its main place of business located at 206 East Plank Road, Altoona, Pennsylvania 16602, within the jurisdiction of this Court. Defendant El Campesino was engaged in business as a full service restaurant.

4. Defendant Guttierrez is co-owner of El Campesino and resides at 139 Mount Vernon Drive, Monroeville PA 15146, within the jurisdiction of this Court. Defendant Gutierrez has actively controlled and managed El Campesino, regulated the employment of persons employed at El Campesino, acted directly and indirectly in the interest of the aforementioned corporation in relation to the employees, and thus is an employer of said employees within the meaning of Section 3(d) of the Act.

5. Defendant Alva is co-owner of El Campesino and resides at 390 Glenwood Drive, Monroeville, PA 15146, within the jurisdiction of this Court. Defendant Alva has actively controlled and managed El Campesino, regulated the employment of persons employed at El Campesino, acted directly and indirectly in the interest of the aforementioned corporation in relation to the employees, and thus is an employer of said employees within the meaning of Section 3(d) of the Act.

5. Defendants' business activities, as described, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

6. At all times hereinafter mentioned, Defendants have had employees in and about their place of business in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. This enterprise, at all times hereafter mentioned, has had an annual gross volume of sales or business done of not less

than $500,000. Therefore, Defendants' employees have been and are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.SC. § 203(s)(1)(A).

7. Defendants violated the provisions of Sections 6 and 15(a)(2) of the Act by paying many of their employees employed as servers in an enterprise engaged in commerce or in the production of goods for commerce at rates less than the applicable statutory minimum rate prescribed in Section 6 of the Act. Therefore, Defendants are liable for unpaid minimum wages under the Act. For example, Defendants improperly took a tip credit against their minimum wage obligation to said servers and improperly required said servers to turn over a percentage of their tips to Defendants.

8. Defendants violated the provisions of Sections 7 and 15(a)(2) of the Act by employing many of their employees employed as servers in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed. Therefore, said Defendants are liable for the payment of unpaid overtime compensation under the Act.

9. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of many of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516. For example, Defendants failed to keep accurate records of hours worked by and wages due to many

of their servers, and failed to make, keep, and preserve time cards or time sheets matching payroll records for their servers.

10. Since at least January 14, 2012, Defendants have violated the provisions of the Act as alleged in Paragraphs 7 through 9 above. A judgment permanently enjoining and restraining the violations herein alleged is specifically authorized by Section 17 of the Act.

11. As a result of the violations alleged in Paragraphs 7 through 9 above, amounts are owing for Defendants' current and former employees, including the persons specifically named in the Schedule A attached to Plaintiff's Complaint.

12. A judgment granting recovery of said amounts, together with an equal additional amount as liquidated damages, is specifically authorized by Section 16(c) of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for judgment pursuant to Section 17 of the Act to permanently enjoining and restraining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 6, 7, 11(c) 15(a)(2), 15(a)(3), and 15(a)(5) of the Act and for a judgment in the amount of back wage compensation due together with an equal amount in liquidated damages pursuant to Section 16(c) of the Act, 29 U.S.C § 216(c), for certain of Defendants' current and former employees listed on the attached Schedule A for the period from January 14, 2012 to January 13, 2014.

Respectfully submitted,

M. Patricia Smith
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

/s/ John A. Nocito
John A. Nocito
Attorney
PA ID #87973
Office of the Solicitor
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306
(215) 861-5135
(215) 861-5162 (fax)
nocito.john@dol.gov

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff

## Schedule A

| Last Name | First Name |
|---|---|
| Altaide | Victor |
| Chavez Ortiz | Heriberto |
| Chavez Ortiz | Paul |
| Corzo | Uriber |
| Diaz Leal | Aaron |
| Doe Bus Boy I | J |
| Doe Bus Boy II | J |
| Doe Cook I | J |
| Doe Cook II | J |
| Doe Cook IV | J |
| Doe Dishwasher I | J |
| Doe Server II | J |
| Doe Server IV | J |
| Garcia | Agustin |
| Hale | April L |
| Hernandez | Ismael |
| Hernandez | Juan C |
| Hernandez | Pablo |
| Hernandez Godinez | Jose L |
| Imler | William P |
| Lespron Chaves | Carlos Francisco |
| Marrapin | Luis Fernando |
| Mejia Ortiz | Fernando |
| Perez (Marrajeso) | Francisco |
| Quezada | Cesar |
| Sanchez | Juan |
| Sanchez Olvera | David |